UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. Action No.: 10-00101 (RK) |
| v. | **OPINION** |
| ERIC G. DUPREY | |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on *pro se* Defendant Eric G. Duprey's ("Defendant") motion for compassionate early release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion for Compassionate Release"). (ECF No. 23.) On November 6, 2023, the Government filed its Opposition to the Motion for Compassionate Release. (ECF No. 27.) The Defendant replied on December 12, 2023. (ECF No. 28.) For the reasons below, the Motion for Compassionate Release is **DENIED**.

I.     BACKGROUND

After executing a search warrant on Defendant's New Jersey home in 2009, law enforcement recovered over 2,500 images and over 900 videos of child pornography. (Presentence Investigation Report ("PSR") ¶¶ 12–15, 24.) Law enforcement had previously determined that Defendant sent hundreds of images of child pornography to another individual via email. (*Id.* ¶¶ 8–11.) While executing the search warrant on Defendant's home, law enforcement discovered a plethora of pedophilic material, which included explicit sexual material involving the underage victim in this case. (*Id.* ¶¶ 13–15, 24.)

In February 2010, Defendant entered a plea of guilty to a one-count Information charging him with interstate travel for the purpose of engaging in illicit sexual conduct with a minor from April 1, 2009 through April 4, 2009, in violation of 18 U.S.C. § 2423(b). (ECF No. 20 at 1.) On August 4, 2010, Defendant was sentenced to a term of imprisonment of 250 months. (ECF No. 20 at 1–3.) The Hon. Peter G. Sheridan (ret.) signed an order modifying the conditions of Defendant's supervision upon release on May 14, 2024. (ECF No. 29.) The case was reassigned to the undersigned on July 12, 2024. (ECF No. 30.) In view of the time spent in detention following his arrest and prior to his sentencing as well as other adjustments to his sentence, Defendant's release from imprisonment is projected to occur on January 22, 2026. Inmate Locator, BUREAU OF PRISONS, https://perma.cc/9U5R-5FNH (last visited Aug. 16, 2024.)

## II.   STANDARD

Once a federally imposed sentence commences, a district court has limited authority to modify that sentence. *Dillon v. United States*, 560 U.S. 817, 825 (2010). However, 18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to request a reduction in sentence if certain parameters are met. *See* 18 U.S.C. § 3582(c)(1)(A). Before a defendant can bring a motion for reduced sentence on their own behalf directly with the district court, a defendant "must ask the Bureau of Prisons ('BOP') to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (discussing the exhaustion requirement). After this, a court may reduce an inmate's sentence if it finds that there are "extraordinary and compelling reasons" that warrant a reduction; and it considers the sentencing factors set forth in § 3553(a), as applicable. *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020).

Effective November 1, 2023, the Sentencing Commission amended its Sentencing Guidelines to expand the list of circumstances that could be considered "extraordinary and compelling" circumstances meriting compassionate release under 18 U.S.C. § 3582(c)(1)(A). As part of the amended Sentencing Guidelines, the Sentencing Commission stated that "extraordinary and compelling reasons" for a sentence reduction may exist due to "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

### III. DISCUSSION

The Parties agree that Defendant has exhausted his administrative remedies. (ECF No. 27 at 4 n.1.) Therefore, the Court begins its analysis with Defendant's claims that the circumstances before the Court are extraordinary and compelling. Defendant argues that he presents an "extraordinary and compelling reason" for his compassionate release under 18 U.S.C. § 3582(c)(1)(A). Specifically, he argues that he needs to care for his eighty-four-year-old mother, Mrs. Virginia Duprey (Mrs. Duprey"), who is in ill-health and is widowed. (ECF No. 23 at 2–3.) Further, Mrs. Duprey lives alone "in a sparsely populated area" of Rhode Island; Defendant states that Mrs. Duprey is caring for herself with great difficulty. (*Id.*) Defendant submits a letter from his mother and his siblings in support of his request. (*Id.* at 8.) For its part, the Government argues both that Defendant has failed to show that Defendant's mother is incapacitated and that Defendant is not the only available caregiver for his mother as contemplated by U.S.S.G. § 1B1.13(b)(3)(C). (ECF No. 27 at 1.)

To the first point, Defendant has put forth little evidence that Mrs. Duprey suffers from an incapacitating medical condition requiring Defendant's care. In his Motion for Compassionate Release, Defendant writes that Mrs. Duprey has been debilitated "in the past" due to congestive

heart failure. (ECF No 23 at 2.) Further, Defendant states that Mrs. Duprey fell outside of her home on April 5, 2023 and shattered her hip and femur. (*Id.*) In support of these claims, Defendant appended letters from Mrs. Duprey and his siblings describing Mrs. Duprey's mobility issues as well as what appears to be an unrelated medical document entitled "Transfer/Discharge Report;" this document appears to lay out Mrs. Duprey's other medical challenges. (ECF No. 23 at 8–10, 11). Notably, discussion of her broken hip or femur seems to be limited to the following line under "Diagnoses:" "nondisplaced intertrochanteric fracture of left femur, subsequent encounter for closed fracture with routine healing." (*Id.* at 11.) Aside from these statements, the Court has not been provided with documentation to show Mrs. Duprey's incapacitation. Therefore, Defendant has not met his burden to show Mrs. Duprey's incapacitation. *See United States v. Yarbrough*, No. 2:06-CR-00203-1, 2023 WL 8614050, at *3 (W.D. Pa. Dec. 13, 2023) (in denying defendant's motion for compassionate release under U.S.S.G. § 1B1.13(b)(3)(C), the Court noted in *dicta* that Defendant did "not provide his mother's medical records, or records of any sort, so as to demonstrate her incapacitation.").

Even if Defendant had demonstrated incapacity, the Motion for Compassionate Release would fail given that Defendant has not shown that he is the only available caregiver for Mrs. Duprey. U.S.S.G. § 1B1.13(b)(3)(C) provides that the "incapacitation of the defendant's parent when the defendant would be the *only* available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added). The evidence before the Court is that Mrs. Duprey currently has multiple different caregivers who visit her a few times per week; indeed, Defendant has several other family members who live near Mrs. Duprey who are able to care for her. (ECF No. 23 at 2–4, 8–10.) For example, although it has been indicated that Mrs. Duprey is receiving "temporary" home care, (ECF No. 23 at 9), Mrs. Duprey herself noted in her letter that she was "told [that she]

4

will have a health aid coming soon I hope." (ECF No. 23 at 8). Even assuming that Defendant is seeking to provide assistance in days where the home health aides are not present, Defendant has two siblings that live nearby who are able to assist Mrs. Duprey.[1] *See Yarbrough*, 2023 WL 8614050, at *3 (in denying defendant's motion for compassionate release under U.S.S.G. § 1B1.13(b)(3)(C), noting that defendant's desire to care for his mother where other caregivers—including siblings—were available did not fall within the "extraordinary and compelling reasons" for early release given that there were other individuals available to provide care.)

Defendant also fails to demonstrate that the § 3553(a) factors warrant a reduction. Defendant argues that his rehabilitative efforts in prison merit a reduction in his sentence. Specifically, he states that his "spotless" disciplinary record over the course of fourteen years during which he "has been actively programming . . . which also includes the non-residential drug program which he completed on [August 7, 2022]. . . . [A]ccording to his Custody Classification Form his recidivism level is listed as <u>minimum</u>." (ECF No. 23 at 2 (emphasis in the original).) In support of his claims, Defendant submits a transcript listing the classes he has taken while incarcerated, including writing, exercise, meditation, and marketing classes. (*Id.* at 6–7.) These rehabilitative and treatment efforts comprise but one part of the Court's analysis § 3553(a) analysis, and the Court encourages Defendant to continue his rehabilitation. However, a reduced sentence here would not reflect the grave severity of Defendant's crimes nor serve the deterrent effect his sentence imposes. Defendant entered a plea of guilty to a one count Information which

---

[1] For example, David Duprey, Defendant's brother, noted that he lived close by and that he has "helped [Mrs. Duprey] as much as possible." (ECF No. 23 at 9.) In a similar letter submitted by Defendant's sister-in-law, Bethany Duprey, she noted that "[Bethany Duprey and her husband] keep in contact and visit [Mrs. Duprey] often." (*Id.* at 10.) Although Defendant argues that his two brothers "have medical issues and family commitments of their own, and do not have the capacity to care for their mother[,]"—and Defendant's siblings' letters state that Defendant's siblings work fulltime and/or have health conditions that preclude them from providing fulltime care to their mother—this does not meet the burden to show that Defendant is the only caregiver for his mother.

5

charged Defendant with interstate travel for the purpose of engaging in illicit sexual conduct with a minor. (*See* ECF No. 17.) The circumstances surrounding this crime are serious and depraved, and the victim will live with the scars of this crime for the rest of his or her life. The crime's severity, the need to deter such a crime from occurring again, the need to protect society from such behavior, and the life-altering effects that this crime exacted upon the underage victim strongly weigh against any alteration of Defendant's sentence.

## CONCLUSION

For the reasons set forth above, Defendant's Compassionate Release Motion (ECF No. 23) is **DENIED**. An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 19, 2024